CASE NO. 2015-1214

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

DYNAMIC DRINKWARE, LLC,

Petitioner-Appellant,

v.

NATIONAL GRAPHICS, INC.,

Patent Owner-Appellee.

APPEAL FROM UNITED STATES PATENT AND TRADEMARK OFFICE
PROCEEDING NO. IPR2013-00131
PATENT 6,635,196

BRIEF OF PATENT OWNER-APPELLEE NATIONAL GRAPHICS, INC.

Michael T. Griggs
John P. Fredrickson
Sarah M. Wong
Boyle Fredrickson, S.C.
840 N. Plankinton Avenue
Milwaukee, WI 53203
(414) 225-9755

Attorneys for Patent Owner-Appellee
National Graphics, Inc.

April 10, 2015

## CERTIFICATE OF INTEREST FOR APPELLEE

The undersigned counsel for the appellee National Graphics, Inc. certifies the following:

1. The full name of every party represented by me is:

   National Graphics, Inc.

2. The appellee named in the caption is the real party in interest.

3. No publicly held corporation owns 10% or more of National Graphics, Inc.

4. The names of all law firms and the partners or associates that appeared for the patent owner-appellee in the IPR proceeding or are expected to appear for them in this court are:

   Michael T. Griggs, Sarah M. Wong, John P. Fredrickson of Boyle Fredrickson, S.C.

April 10, 2015                    /s/Michael T. Griggs

                                  Michael T. Griggs
                                  *Attorney for Appellee*

# **Table of Contents**

Table of Contents ................................................................................ i

Table of Authorities ........................................................................... iii

Statement of Related Cases.................................................................v

Statement of the Issues.......................................................................1

Statement of the Case..........................................................................1

Standard of Review.............................................................................2

Summary of NGI's Argument .............................................................4

Argument..............................................................................................6

I.    Petitioner Bears the Burden of Proof as to Invalidity ..................6

II.   There is No Presumption that a Prior Art Reference is Entitled
      to the Earliest Possible Effective Date........................................7

III.  Dynamic Waived any Claim to the Raymond Provisional by
      Failing to Introduce Evidence and Argument in its Petition ......10

IV.   There is No Record Evidence Supporting a Priority Claim
      to the Raymond Provisional......................................................12

V.    Dynamic Did Not Meet its Burden of Production as to the
      Effective § 102(e) Date of the Raymond Patent ........................14

VI.   Dynamic Misapprehends the Law .............................................15

A.    *Videotek* holds that the burden of persuasion always rests
with the party challenging validity............................................................15

B.    *Giacomini* and *Yamaguchi* do not address the burden of persuasion
and the burden of production....................................................................17

C.    Interference law is not informative here....................................................20

CONCLUSION .....................................................................................................20

# Table of Authorities

## Cases

*Alza Corp. v. Mylan Labs., Inc.*,
464 F.3d 1286 (Fed. Cir. 2006) ..............................................................3

*Brooktree Corp. v. Advanced Micro Devices, Inc.*,
977 F.2d 1555 (Fed. Cir. 1992) ..............................................................9

*Consolidated Edison Co. v. NLRB*,
305 U.S. 197 (1938) ..............................................................................3

*Cooper v. Goldfarb*,
154 F.3d 1321 (Fed. Cir. 1998) ...........................................................20

*Creative Compounds, LLC v. Starmark Labs.*,
651 F.3d 1303 (Fed. Cir. 2011) ...........................................................20

*Ex Parte Yamaguchi*,
88 U.S.P.Q. 2d 1206 (BPAI 2008) ........................................... 9, 17, 19

*In re Cuozzo Speed Techs., LLC*,
778 F.3d 1271 (Fed. Cir. 2015) ..............................................................2

*In re Gartside*,
203 F.3d 1305 (Fed. Cir. 2000) ..............................................................3

*In re Giacomini*,
612 F.3d 1380 (Fed. Cir. 2010) ....................................... 9, 17, 18, 19

*In re Wertheim*,
646 F.2d 527 (C.C.A.P. 1981) ........................................... 7, 8, 12, 13

*Ironclad/EEI v. U.S.*,
78 Fed. Cl. 351 (2007) ................................................................ 11, 12

*Novosteel SA v. U.S., Bethlehem Steel Corp.*,
284 F.3d 1261 (Fed. Cir. 2002) ...........................................................11

*Pfizer, Inc. v. Apotex, Inc.*,
480 F.3d 1348 (Fed. Cir. 2007) ...........................................................17

*Price v. Symsek*,
   988 F.2d 1187 (Fed. Cir. 1993) ............................................................3

*RCA Corp. v. Applied Digital Data Sys., Inc.*,
   730 F.2d 1440 (Fed. Cir. 1984) ...........................................................7

*SmithKline Diagnostics, Inc., v. Helena Labs. Corp.*,
   859 F.2d 878 (Fed. Cir. 1988) .............................................................6

*Tech. Licensing Corp. v. Videotek, Inc.*,
   545 F.3d 1316 (Fed. Cir. 2008) ............................................ 15, 16, 17

*Vas-Cath Inc. v. Mahurkar*,
   935 F.2d 1555 (Fed. Cir. 1991) ...........................................................4

**Statutes**

35 U.S.C. § 102(g) ...........................................................................20

35 U.S.C. § 112 ......................................................................... passim

35 U.S.C. § 282 ..................................................................................9

35 U.S.C.§ 102(e) ..................................................................... passim

**<u>Statement of Related Cases</u>**

Pursuant to Federal Circuit Rule 47.5, Appellee National Graphics, Inc.

states as follows:

(a)  There have been no previous appeals in this proceeding.

(b) Appellee is the plaintiff in the case captioned *National Graphics, Inc. v.*

*Brax Ltd., et al.*, Case No. 1:12-cv-01119-WCG (E.D. Wis.).

## Statement of the Issues

Dynamic's statement of the issues is unclear, so below is what NGI understands to be the three issues presented to this Court, comprising two issues raised by Dynamic (issues 1 and 3) and one alternative ground for affirmance raised by NGI (issue 2):

1.  Whether the Board erred in concluding that the Raymond patent is not entitled to a presumption that its effective date under § 102(e) is the filing date of the Raymond provisional.

2.  Whether the Board erred in concluding that Dynamic had not waived its claim that the Raymond patent was entitled to an earlier effective date under § 102(e) by failing to include argument and evidence in support of this claim in its petition.

3.  Whether the Board's decision that Dynamic failed to prove that the Raymond provisional contains adequate § 112 support for the Raymond patent is supported by substantial evidence.

## Statement of the Case

NGI disagrees with Dynamic's statement of the case in that it is incomplete and somewhat misleading.  Dynamic asserts that "at no time has NGI claimed a reduction to practice date earlier than March 28, 2000."  Dynamic Brief, pg. 5. While this is true, NGI did submit evidence and argument directed toward

diligence in reduction to practice that supports a date of invention before the February 15, 2000 filing date of the Raymond provisional. *See* Patent Owner Response, pg. 17. The Board, however, did not issue any decision as to diligence because this issue was mooted by the Board's determination that the Raymond patent was not entitled to an earlier effective date. (A121).[1]

Further, Dynamic does not mention NGI's contingent motion to amend. The Board dismissed this motion as moot due to the Board's determination that claims 1 and 12 of the '196 patent were not shown to be unpatentable. (A121).

Accordingly, in the event the Board's Final Written Decision is not affirmed, the case should be remanded to the Board for consideration of the diligence issue and NGI's contingent motion to amend.

## Standard of Review

This Court reviews the Board's factual findings for substantial evidence and reviews its legal conclusions de novo. *In re Cuozzo Speed Tecs., LLC*, 778 F.3d 1271, 1283 (Fed. Cir. 2015). While Dynamic mentions "substantial evidence" in connection with the review of factual findings, Dynamic seems to focus on the "clear error" standard for review of factual findings. *See, e.g.,* Dynamic Brief, pg. 2 ("Board clearly erred…"); pg. 3 ("Board clearly erred…"); pg. 25 ("Board's

---

[1] NGI would like to note that the appendix filed by Dynamic as a "Joint Appendix" is not a joint appendix. NGI was not consulted on the creation of the appendix and had no input as to the contents of the "Joint Appendix" filed by Dynamic.

failure to recognize…was…clearly erroneous"); pg. 26 ("Board's finding was clear error…").

The Supreme Court has described "substantial evidence" as follows:

> Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.... Mere uncorroborated hearsay or rumor does not constitute substantial evidence.

*In re Gartside*, 203 F.3d 1305, 1312 (Fed. Cir. 2000), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229-30 (1938) (citations omitted).

This Court has described the "clear error" standard as follows:  "[u]nder the clear error standard, a reversal is permitted only when this court is left with a definite and firm conviction that the district court was in error."  *Alza Corp. v. Mylan Labs., Inc.*, 464 F.3d 1286, 1289 (Fed. Cir. 2006).

To the extent there are meaningful differences between the "clear error" and "substantial evidence" standards for review of factual findings, NGI disputes Dynamic's assertion that this Court should apply the "clear error" standard to the Board's factual findings.

Further, NGI disagrees with Dynamic's characterization of the issue presented here as one of "patent priority," citing to *Price v. Symsek*, 988 F.2d 1187 (Fed. Cir. 1993), a case involving a patent interference.  Dynamic Brief, pg. 9.

In Dynamic's statement of the issues, Dynamic frames its second issue on appeal as "whether the Board clearly erred by finding that Dynamic came forward with sufficient and unrefuted evidence to prove that the Raymond provisional application provides sufficient written description support for the Raymond patent under 35 U.S.C. § 112." Dynamic Brief, pg. 2. Compliance with the written description requirement of § 112 is a question of fact. *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563 (Fed. Cir. 1991). Thus, the appropriate standard for this analysis is the "substantial evidence" standard.

## Summary of NGI's Argument

The Board correctly determined that Dynamic failed to prove by a preponderance of the evidence that the Raymond patent is entitled to the benefit of the Raymond provisional as its effective § 102(e) date, and ultimately that Dynamic failed to demonstrate that claims 1 and 12 of the '196 patent are unpatentable. In making this determination, the Board correctly placed the burden of proof on Dynamic to come forth with evidence and argument supporting its claim that the Raymond patent is entitled to an earlier effective § 102(e) date.

The Board also correctly rejected Dynamic's argument that the Raymond patent should be presumed to be entitled to the earliest possible effective § 102(e) date. Dynamic has cited no authority in support of such a presumption, nor should this Court entertain the notion of creating one. In contrast with the presumption of

validity, which derives in part from the USPTO's review and ultimate allowance of claims in view of the prior art, the USPTO does not evaluate priority claims as a matter of course during prosecution.  Such un-vetted priority claims are not entitled to a presumption that there is in fact adequate § 112 support in a prior application.  Moreover, such a presumption would contravene the presumption of validity by placing the burdens of production and persuasion on the patent owner.

As an alternative ground for affirmance, the Board erred by determining that Dynamic had not waived a claim to an earlier effective date for the Raymond patent by failing to include argument and evidence on that issue in its petition.  Though Dynamic conclusorily asserted the earlier effective date in its petition, it did not introduce evidence or argument on the issue until its reply.  New arguments and evidence presented for the first time in a reply brief are typically treated as waived.  This case is no exception.

If Dynamic's claim for an earlier effective date for the Raymond patent is not deemed waived, the Board correctly determined that the evidence submitted by Dynamic – consisting of a claim chart comparing the disclosure of the Raymond provisional to the claims of the '196 patent – did not demonstrate that the Raymond patent was entitled to the filing date of the Raymond provisional as its effective § 102(e) date.  For a prior art reference to be accorded an earlier effective date, it must be demonstrated that the prior art patent could have issued on the

filing date of the earlier application.  This requires a showing of adequate § 112

support in the earlier application for the claims of the prior art patent.  Dynamic

never attempted to make such a showing, and the Board therefore correctly

determined that the record evidence did not support an earlier effective date for the

Raymond patent.

## Argument

### I.   Petitioner Bears the Burden of Proof as to Invalidity

The Board determined that "Petitioner [Dynamic] has failed to prove by a

preponderance of the evidence that Raymond is entitled to the benefit of the earlier

provisional filing date," (A106), correctly placing the burden of proof squarely

upon Dynamic.

It does not appear that this Court has considered who bears the burden of

proof as to the effective date of a prior art reference in the context of an *inter*

*partes* review ("IPR").  However, the Board's determination that the burden lies

with Dynamic is consistent with the fundamental tenets of patent law upon which

this Court has opined in other contexts.

For example, this Court has explained that the presumption of validity places

the burden of proof of facts, and the ultimate burden of persuasion to establish

invalidity, on the party challenging validity.  *SmithKline Diagnostics, Inc., v.*

*Helena Labs. Corp*., 859 F.2d 878, 885-86 (Fed. Cir. 1988).  Further, "the burden

of persuasion on invalidity must, under the statute, remain at all times on the party asserting invalidity." *RCA Corp. v. Applied Digital Data Sys., Inc.*, 730 F.2d 1440, 1440 (Fed. Cir. 1984). Accordingly, in the context of the IPR at issue here, the Board correctly determined that Dynamic bore the ultimate burden of persuasion as to invalidity, which Dynamic acknowledges in its brief. Dynamic Brief at 11.

## II.    There is No Presumption that a Prior Art Reference is Entitled to the Earliest Possible Effective Date

Dynamic's burden of proof required it to affirmatively establish the effective §102(e) date of the Raymond patent. Dynamic, however, argues that it should be able to eschew the requisite showing because the Raymond patent is entitled to a presumption that its effective §102(e) date is the filing date of the Raymond provisional. This is plainly wrong and unfounded.

This Court's predecessor, the U.S. Court of Customs and Patent Appeals, explained the rationale behind according a patent the benefit of an earlier filed application in the context of §102(e) in *In re Wertheim*, 646 F.2d 527 (C.C.A.P. 1981). If a patent could have issued on the day of the earliest filed application, but issues on a later date due to the inherent delay of the USPTO in examining applications, it should be eligible as prior art to any subsequent inventions. *Wertheim*, 646 F.2d at 536. In order to determine whether the patent could hypothetically have issued on the earliest filing date, the claims of the patent must

be analyzed to determine whether there is adequate § 112 support in the earliest application.  *Wertheim*, 646 F.2d at 537.

In this instance, for the Raymond patent to be accorded the filing date of the Raymond provisional, there must be record evidence establishing that the Raymond patent claims hypothetically could have issued from the Raymond provisional on the date the provisional was filed; for example, a chart correlating the claim limitations of the Raymond patent with the appropriate support in the Raymond provisional.

Without citing to any applicable authority, Dynamic argues that it should be relieved of the burden of demonstrating § 112 support and that the Raymond patent should instead be entitled to a presumption that the earliest claimed priority date is its effective §102(e) date.  However, such a presumption would contravene the presumption of validity, which places the burden of proof on the challenger of a patent's validity.  Thus, Dynamic's proposed presumption would unfairly, and improperly, shift the burden of proof to NGI and require NGI to prove a negative – that § 112 support does *not* exist in the Raymond provisional.

Moreover, Dynamic's proposed presumption is inconsistent with the manner in which the USPTO examines applications.  During prosecution of a patent application, the USPTO does not independently determine whether the allowed claims are actually entitled to the claimed priority date.  In other words, priority

claims are not vetted by the USPTO during prosecution. Since priority claims are not examined by the USPTO as a matter of course, the USPTO examination process does not support a general presumption that a patent is entitled to its earliest possible priority date when asserted as prior art against another patent.

Dynamic's proposed presumption also contrasts with the statutory presumption of validity, which derives from the USPTO's examination and ultimate allowance of the claims in view of the prior art. *See, e.g.*, *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1574 (Fed. Cir. 1992) ("[a] patent is presumed valid, 35 U.S.C. § 282, and this presumption is based in part on the expertise of patent examiners presumed to have done their job").

In some specific instances the priority date of claims may be considered during prosecution depending on the nature of an examiner's rejection and the date of the prior art asserted. The *Giacomini* and *Yamaguchi* cases are examples of this. To the extent that Dynamic is not arguing for a general presumption, but a specific presumption based upon the prosecution of the Raymond patent, there is no record evidence relating to its prosecution history. Accordingly, based upon the available record, it cannot be determined whether the priority date of the Raymond patent claims was considered by the USPTO.

Accordingly, the Board correctly determined that the filing date of the Raymond provisional is not presumed to be the effective § 102(e) date of the Raymond patent.

### III. Dynamic Waived any Claim to the Raymond Provisional by Failing to Introduce Evidence and Argument in its Petition

As discussed *supra*, the petitioner bears the burden of proof – which this Court has described as a burden of production combined with an ultimate burden of persuasion – to establish that the challenged claims are invalid on the grounds for which the IPR was instituted. Consequently, Dynamic must prove by a preponderance of the evidence that the Raymond patent was entitled to the benefit of the Raymond provisional as its effective § 102(e) filing date.

In its petition, Dynamic only made a conclusory assertion that the effective § 102(e) date of the Raymond patent is the filing date of the Raymond provisional. Corrected Petition, pg. 4. Thus, at the outset, Dynamic indicated a belief that the Raymond patent should have an earlier effective date, yet Dynamic did not offer any evidence or argument in support of this assertion even though it bore the initial burden of production and ultimate burden of persuasion on this issue. Instead, Dynamic first introduced argument and evidence as to the effective § 102(e) date of the Raymond patent in its reply brief.

This Court has explained waiver in the context of summary judgment briefing, which is similar to the three-brief format of an IPR proceeding, as follows:

> Novosteel, however, failed to preserve this issue for our review, for it waived this retroactivity argument by not presenting it in the principal summary judgment brief filed with the Court of International Trade. *See Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1326, 59 USPQ2d 1823, 1830 (Fed. Cir. 2001) (noting that appellate courts "only rarely" will entertain "evidence and issues ... not properly raised in proceedings below"). Raising the issue for the first time in a reply brief does not suffice; reply briefs reply to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration. Further, the non-moving party ordinarily has no right to respond to the reply brief, at least not until oral argument. As a matter of litigation fairness and procedure, then, we must treat this argument as waived.

*Novosteel SA v. U.S., Bethlehem Steel Corp.*, 284 F.3d 1261, 1273-74 (Fed. Cir. 2002). Further, "it is imperative that 'parties ... give a trial court a fair opportunity to rule on an issue other than by raising that issue for the first time in a reply brief....'" *Ironclad/EEI v. U.S.*, 78 Fed. Cl. 351, 358 (2007) [citations omitted]. "For these reasons, courts are constrained to find, '[a]s a matter of litigation

fairness and procedure,' that arguments not addressed in moving briefs have been waived." *Id*. [citations omitted].

This same rationale should apply to IPR proceedings. A petitioner should be required to include all of its evidence and arguments in its principle brief, i.e., the petition. A petitioner should not be permitted to hold back evidence and argument, as Dynamic did in the IPR at issue here, because it is unfair to the patent owner, who is not afforded any opportunity to respond via additional briefing and submission of evidence.

The Board erred by accepting and considering the new evidence and argument that Dynamic presented in its reply brief as to the effective § 102(e) date of the Raymond patent (even though the Board properly held it to be inadequate to demonstrate an earlier effective § 102(e) date as discussed in Section IV *infra*). The Board should have determined that Dynamic waived any claim that the Raymond patent was entitled to an earlier effective § 102(e) date by failing to present any evidence or argument on this issue in the petition.

## IV.  There is No Record Evidence Supporting a Priority Claim to the Raymond Provisional

In order for the Raymond patent to be accorded the benefit of the Raymond provisional, Dynamic had the burden of proving adequate § 112 support in the Raymond provisional for the Raymond patent claims. *Wertheim*, 646 F.2d at 537. Dynamic never attempted to address this specific issue, so the Board correctly

determined that there was no record evidence to accord the Raymond patent an earlier effective date.

Instead of comparing the claims of the Raymond patent with the disclosure in the Raymond provisional as required, Dynamic submitted a chart comparing the claims of the '196 patent with the disclosure of the Raymond provisional. But this comparison is irrelevant to the required § 112 analysis explained in *Wertheim*.

Seeming to realize that the evidence it presented to the Board was indadequate, Dynamic now attempts to cobble together a comparison of the Raymond patent with the Raymond provisional using the '196 patent as the common thread. Dynamic Brief, pp. 22-23. But Dynamic waived this argument by not making it to the Board. Even if such after-the-fact argument is not considered waived, Dynamic still cannot demonstrate that the claims of the Raymond patent are supported by the Raymond provisional because the three-column chart does not even address the claims of the Raymond patent. In other words, the three-column chart does not demonstrate that the Raymond patent could have issued on February 15, 2000, the date the Raymond provisional was filed.

The simple fact is that Dynamic never presented any evidence or analysis of the Raymond patent claims in relation to the Raymond provisional. Dynamic even admits to this. Dynamic Brief, pg. 21 ("the Board found fault with Dynamic's failure to include reference to the Raymond patent in the reply brief claim chart").

The Board correctly determined that there is no record evidence to support an effective § 102(e) date earlier than the filing date of the Raymond patent.

## V.    Dynamic Did Not Meet its Burden of Production as to the Effective § 102(e) Date of the Raymond Patent

Dynamic argues that the Board improperly "removed NGI's burden of production on its antedation argument."  Dynamic Brief, pg. 11.  This is not correct.

In order for the burden of production for the Raymond patent's effective § 102(e) date to shift from Dynamic to NGI, it was incumbent upon Dynamic to first satisfy its initial burden of production with evidence supporting Dynamic's claim that the Raymond patent is entitled to an earlier effective date, i.e., an analysis of the claims of the Raymond patent in relation to the disclosure of the Raymond provisional.  Dynamic did not submit any evidence or argument to this effect in its petition, so the burden of production was never shifted to NGI.

Dynamic, however, argues for a presumption that the Raymond patent's effective § 102(e) date is the filing date of the Raymond provisional.  As discussed in Section II *supra*, this presumption does not exist and therefore cannot serve as a proxy for Dynamic's burden of production with respect to the effective § 102(e) date of the Raymond patent.

Dynamic also argues that its petition included "a *prima facie* showing that the Raymond patent was prior art to the '196 patent."  Dynamic Brief, pg. 14.  Of

course this is true – the Raymond patent was filed before the '196 patent.

However, Dynamic did not make a *prima facie* showing that the Raymond patent

should be accorded the Raymond provisional filing date as its effective § 102(e)

date.   That is the critical showing at issue here, a showing that Dynamic never

made.  *See* Section IV *supra*.

## VI.   Dynamic Misapprehends the Law

### A.     *Videotek* holds that the burden of persuasion always rests with the party challenging validity

Dynamic misconstrues *Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d

1316 (Fed. Cir. 2008), arguing that it "[e]xplicitly rejects the notion that the party

challenging the validity of the patent has the burden of persuasion to prove it was

entitled to the earlier filing date."  Dynamic Brief, pg. 13.  On the contrary,

*Videotek* holds that the burden of persuasion on the issue of validity never shifts

from the party challenging the patent.  *Videotek*, 545 F.3d at 1327.

In *Videotek*, the accused infringer presented anticipatory art – data sheets

describing various computer chips – that disclosed all of the limitations of the

challenged claims, which was not disputed by the patent owner.  Instead, the patent

owner argued that the data sheets were not prior art because the challenged claims

were entitled to the benefit of an earlier filed application.

After the trial court held that the challenged claims were not entitled to the

earlier date, and were therefore anticipated by the data sheets, the patent owner

appealed to this Court, arguing that the trial court improperly shifted the burden of persuasion to the patent owner to prove that the earlier application provided adequate written description support for the challenged claims.

In affirming the district court, this Court explained that the ultimate burden of persuasion on invalidity never shifts from the patent challenger to the patent owner. *Videotek*, 545 F.3d at 1327. However, the burden of production, i.e., the burden of going forward with evidence, is a shifting burden depending on where in the process an issue arises. *Id*.

In *Videotek*, the patent challenger had the ultimate burden of proving up the invalidity defense based upon the data sheets, and thus had the initial burden of going forward with evidence that there was anticipatory prior art. Once the patent challenger presented evidence and argument that the data sheets anticipated the challenged claims, the burden of production shifted to the patent owner to argue either that the art was not anticipatory, or that it was not prior art. The patent owner attempted the latter, arguing that the challenged claims were entitled to an earlier priority date that would render the data sheets ineligible as prior art. The burden then shifted back to the patent challenger to convince the court that the claims were not entitled to the earlier filing date.

In contrast to the situation here, the effective date of the prior art, i.e., the data sheets, was not at issue in *Videotek*. Instead, the patent owner argued that the

challenged claims were entitled to a priority date that would eliminate the data sheets as eligible prior art. *Videotek* does not address burdens with respect to the effective date of a prior art reference. Thus, Dynamic's reading of *Videotek* as "explicitly rejecting the notion" that the patent challenger bears the burden of proving an earlier effective prior art date is plainly wrong.

### B.    *Giacomini* and *Yamaguchi* do not address the burden of persuasion and the burden of production

Dynamic argues that "*Giacomini* and *Yamaguchi* describe a situation where once a claim has been rejected under 35 U.S.C. § 102(e), the burden of production shifts to the party challenging the claim of priority to show a lack of sufficient written description in the prior art." Dynamic Brief, pg. 17. This is a misreading of these cases.

Before addressing each case individually, of critical importance is that both *In re Giacomini*, 612 F.3d 1380 (Fed. Cir. 2010) and *Ex Parte Yamaguchi*, 88 U.S.P.Q. 2d 1206 (BPAI 2008) are appeals from a USPTO examiner's rejection of claims in pending applications. Neither is directed to claims of an issued patent that is entitled to the presumption of validity. As discussed in *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, (Fed. Cir. 2007), it is the presumption of validity that places the burden of proof on a party challenging the validity of the patent. *Pfizer*, 490 F.3d at 1359. Thus, Dynamic's characterization of *Giacomini* and *Yamaguchi* as controlling authority regarding the parties' respective burdens when challenging

the validity of issued patent claims is unfounded.  Given the procedural backdrop of these two cases as appeals from an examiner's rejection, they are not helpful when assessing the burdens of parties in an adversarial proceeding involving issued patents such as the IPR at issue here.

In *Giacomini*, the applicant challenged a Board decision upholding the examiner's rejection of claims under § 102(e) based upon the provisional filing date of the prior art patent.  *Giacomini* does not discuss the prosecution history regarding the § 102(e) rejection, or any interactions between the applicant and the examiner relating thereto.  Further, *Giacomini* held that the applicant had waived the issue of whether there was written description support for the claimed invention of the prior art patent by failing to argue it before the Board.  Due to this waiver, applicant argued that, as a matter of law, a prior art patent can never be accorded a provisional filing date as its effective § 102(e) date.  This argument was rejected, and NGI is not attempting to disturb that holding.

Thus, *Giacomini* is not particularly pertinent here, other than reiterating the requirement that the provisional application must have written description support for the invention claimed in the later application if the later application is to be accorded the provisional filing date as its effective § 102(e) date.  *Giacomini*, 612 F.3d at 1383.

*Yamaguchi* is a Board decision relating to an appeal from a rejection of claims under § 102(e) during prosecution, so, like *Giacomini*, it carries little weight here. During prosecution, the examiner rejected pending claims under § 102(e) and relied upon the provisional filing date of a prior art patent. The examiner made some factual findings relating to § 112 support within the provisional application, which shifted the burden to the applicant. In response, the applicant primarily relied upon the procedural argument that the examiner's rejection was improper because the examiner did not provide a copy of the provisional application when making the rejection. The applicant also argued that the provisional application "does not identically track" the provisional application, but the Board found this to be "a mere conclusory statement totally devoid of explanation or analysis." *Yamaguchi*, 2008 WL 4233306, *10. Accordingly, the Board was not persuaded that the examiner erred in making the factual findings underpinning the rejection of the claims.

Similar to *Giacomini*, *Yamaguchi* is an appeal arising from a rejection of claims in a pending application during prosecution. Other than reaffirming that a provisional application must have adequate § 112 support in order for a later filed application to be accorded the provisional filing date as its effective § 102(e) date, it does not inform the analysis of burdens for an invalidity challenge to an issued patent in an adversarial proceeding.

### C.    Interference law is not informative here

Dynamic cites to two patent interference cases, *Cooper v. Goldfarb,* 154 F.3d 1321 (Fed. Cir. 1998) and *Creative Compounds, LLC v. Starmark Labs.* 651 F.3d 1303 (Fed. Cir. 2011), but only glosses over them and fails to offer any meaningful commentary as to how they impact the analysis of burdens in the instant IPR.  Nevertheless, interferences, which are governed by § 102(g), focus on a combination of the date of conception, the date of reduction to practice, diligence in reduction to practice, and the filing dates of applications.  That the junior party, i.e., the party with the later filing date, bears the burden of proving priority is irrelevant to the burden placed on a party challenging the validity of a patent under § 102(e).

## <u>CONCLUSION</u>

The Board's Final Written Decision that claims 1 and 12 of the '196 patent were not proven to be unpatentable should be affirmed.

As an alternate ground for affirmance, the Board's decision to accept and consider argument and evidence as to the Raymond patent's effective date first presented in Dynamic's reply brief should be reversed on grounds that Dynamic waived that issue, and the Board's determination that claims 1 and 12 of the '196 were not shown to be unpatentable should be affirmed on that basis.

In the event the Board's Final Written Decision is not affirmed, the matter should be remanded to the Board for consideration of NGI's diligence argument and evidence and for consideration of NGI's contingent motion to amend.


Dated:  April 10, 2015

s/Michael T. Griggs
Michael T. Griggs
John P. Fredrickson
Sarah M. Wong
Boyle Fredrickson, S.C.
840 N. Plankinton Avenue
Milwaukee, WI 53203
(414) 225-9755

Attorneys for Patent Owner-Appellee
National Graphics, Inc.

# CERTIFICATE OF COMPLIANCE

Counsel for Appellee certifies that the Brief of Appellee complies with the Federal Rules of Appellate Procedure 32(a)(7)(B). It was prepared using Times New Roman 14 point font using Microsoft Word 2007, and contains a total word count of 4,730 words as counted by the word processing program used in preparing it, exclusive of those portions identified under Federal Rule of Appellate Procedure 32(a)(7)(B) and Federal Circuit Rule 32(b).

s/Michael T. Griggs
Michael T. Griggs
*Counsel for Appellee*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Brief of Appellee to be delivered

via email on counsel for Dynamic Drinkware, LLC. As follows:

> Joseph S. Heino
> Matthew R. McClean
> Patrick Bergin
> DAVIS & KUELTHAU, S.C.
> 111 East Kilbourn Ave., Suite 1400
> Milwaukee, WI 53202
> jheino@dkattorneys.com
> mmcclean@dkattorneys.com
> pbergin@dkattorneys.com

Date:  April 10, 2015                    s/Michael T. Griggs
                                         Michael T. Griggs
                                         *Counsel for Appellee*